UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT JACOBY,

Petitioner,

v.

DAVID SHOOK,

Respondent.

CASE NO. 3:26-cv-05682-JNW-DWC

ORDER TO SHOW CAUSE

This action has been referred to United States Magistrate Judge David W. Christel. On June 25, 2026, Petitioner Robert Jacoby, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a federal habeas petition pursuant to 28 U.S.C. § 2241. Dkts. 3, 4. Having reviewed the Petition, it appears Petitioner's claims for federal habeas relief are barred under the *Younger* abstention doctrine. Therefore, the Court declines to direct service of the Petition and, instead, Petitioner is ordered to show cause on or before August 20, 2026, why this action should not be dismissed.

## I. BACKGROUND

Petitioner, a pretrial detainee currently housed at the Clark County Jail, alleges that his current detention pursuant to an ongoing state criminal prosecution is unlawful based on issues

related to his representation by counsel. Dkt. 4 at 2, 4, 6–7. Specifically, Petitioner alleges that his court-appointed attorney withdrew from representation on June 10, 2026, that the representation provided before that point was constitutionally deficient, that a new attorney has not been appointed, and that Petitioner will be required to proceed *pro se* or hire private counsel in his ongoing state court prosecution. *Id.* Based on these allegations, Petitioner contends that his continuing incarceration without legal representation during the pendency of his state criminal proceedings violates his rights under the Sixth Amendment of the United States Constitution. *Id.*

## II. SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"),[1] the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. *See Race v. Salmonsen*, 131 F.4th 792, 794 (9th Cir. 2025).

## III. DISCUSSION

Upon review, the Court concludes that federal adjudication of the petition is barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Under *Younger*,

[1] The Habeas Rules are applicable to § 2241 petitions under Rule 1(b), which states "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

All the requirements for *Younger* abstention appear to be satisfied here. First, Petitioner challenges matters arising from his ongoing state criminal prosecution. *See* Dkt. 4. Second, the ongoing state criminal proceedings implicate important state interests. Third, Petitioner has not demonstrated that the state proceedings do not provide an adequate opportunity to raise his constitutional claims. Fourth, the relief Petitioner seeks would interfere with, or otherwise have the practical effect of enjoining, Petitioner's pending state criminal proceedings. *See Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that, under *Younger*, a pretrial detainees must raise ineffective assistance of counsel claims in his ongoing criminal proceeding, not in a separate federal action); *Rayner v. City of Louisville Metro*, No. CIV A 3:09-CV-P488-M, 2009 WL 2382434 (W.D. Ky. July 30, 2009) (applying *Younger* abstention to ineffective assistance of counsel claim alleging criminal defendant was "forced" to undertake self-representation in ongoing prosecution) (citing *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003)).

Additionally, Petitioner has not shown bad faith, harassment, or other extraordinary circumstances warranting federal intervention at this time. Although Petitioner alleges there is a "public defense crisis in the State [of Washington]," Petitioner notes that the potential impact of this alleged crises to his case is based only on his own "speculat[ion]." Dkt. 4 at 6 (alleging he will be required to represent himself or hire an attorney but that "I speculate because there is a lack of lawyers"). These allegations and speculation about possible implications in his case are not enough to justify federal intervention in Petitioner's ongoing state court proceedings.

Accordingly, if Petitioner intends to proceed in this action, he must show cause why the Petition should not be dismissed under the *Younger* abstention doctrine.

## IV. CONCLUSION

For the reasons set forth above, the Court declines to direct service of the Petition in accordance with Rule 4 of the Habeas Rules. Instead, Petitioner is ordered to show cause not later than August 20, 2026, why the Petition should not be dismissed under the *Younger* abstention doctrine. Failure to respond to this Order or adequately address the issues addressed herein by the stated deadline may result in a recommendation this action be dismissed.

Dated this 21st day of July, 2026.

David W. Christel
United States Magistrate Judge